```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

    SURETY MECHANICAL SERVICES,
    INC.,
                                        CIVIL NO. 1:12-cv-3242
            Plaintiff,                         (NLH/AMD)
        v.

    THE PHOENIX INSURANCE COMPANY          **OPINION**
    et. al,
            Defendants.

Appearances:

RAYMOND JAMES WENT, JR.
HANKIN, SANDSON, SANDMAN, BRADLEY & PALLADINO, PC
30 SOUTH NEW YORK AVENUE
ATLANTIC CITY, NJ 08401

*Attorney for plaintiff Surety Mechanical Services, Inc.*

ERIN MARIE MCDEVITT-FRANTZ
BOROWSKY & BOROWSKY LLC
59 AVENUE AT THE COMMON
SUITES 101 & 102
SHREWSBURY, NJ 07702

STUART M. BERGER
BOROWSKY & BOROWSKY LLC
59 AVENUE AT THE COMMON
SUITES 101 & 102
SHREWSBURY, NJ 07702

*Attorneys for defendant The Phoenix Insurance Company*

**HILLMAN, District Judge**

Before the Court are cross Motions for Partial Summary Judgment by Plaintiff Surety Mechanical Services, Inc. ("Surety") and Defendant The Phoenix Insurance Company ("Phoenix"). For the reasons set forth below, Phoenix's Motion will be granted in part and denied in part, and Surety's Motion will be denied.[1]

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

## Choice of Law

In diversity cases, federal courts apply the forum state's choice of law rules to determine which state's substantive laws are controlling. Maniscalo v. Brother Int'l (USA) Corp., 709 F.3d 202, 206 (3d Cir. 2013)(citing Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487 (1941)). However, defendants must raise choice of law issues or they are waived. Neely v. Club

---

[1] Surety has also requested costs and attorney's fees in connection with the present action pursuant to N.J. Ct. R. 4:42-9(a)(6). However, that request will be denied since the Court is also denying Surety's Motion for Summary Judgment and the rule authorizes fees only for successful claimants.

Med Mgmt. Servs., Inc., 63 F.3d 166, 180 (3d Cir. 1995) (*en banc*). Neither party has questioned the applicability of New Jersey law, which is the basis of Surety's claims. Therefore, the Court will apply New Jersey substantive law.[2]

## Background

This case arises from a dispute between an insurance carrier and its insured over the insurer's duty to defend the insured in a lawsuit. In August, 2006, Surety entered into a contract with Cape May County Vocational Technical School District ("Tech School") to provide mechanical services for the school's heating, ventilation, and air conditioning ("HVAC") system. (Aff. of Thomas Paul [Doc. No. 51-22] ¶¶ 2-4.) Surety finished its work and was paid on August 19, 2008. (Id. at Ex. C.) Three years later, on August 24, 2011, the Tech School filed a lawsuit in the Superior Court of New Jersey ("Tech School Litigation") alleging that Surety performed its work negligently, that it "failed to perform [its] contractual obligations in a workmanlike manner," and that it failed to perform its work in accordance with "common industry standards

---

[2] New Jersey's choice of law rules are in accord with this result. See DeMarco v. Stoddard, 84 A.3d 965, 972 (N.J. Super. Ct. App. Div. 2014) (stating that a trial court has discretion whether to permit parties to raise choice of law issues not raised early in the case); see also Chalef v. Ryerson, 648 A.2d 1139, 1142 (N.J. Super. Ct. App. Div. 1994) (declining to consider choice of law issue on appeal when it was not properly presented before the trial court).

and the expectations for the Project." (Pl.'s Statement of Material Facts Ex. E [Doc. No. 51-8], at 10-12.) As a result, the Tech School claimed it suffered "compensatory and consequential damages." (Id.)

From May 16, 2006 through May 16, 2009, Surety was insured under a Commercial General Liability ("CGL") policy issued by Phoenix ("Policy"). (Id. at Ex. A-C.) Surety submitted the Tech School's claim to Phoenix for indemnity and defense, and on March 15, 2012 Phoenix issued a letter declining coverage. (Id. at Ex. J.) Surety subsequently filed the instant action in the Superior Court of New Jersey seeking a declaratory judgment as to Phoenix's duties to indemnify and defend. (Notice of Removal Ex. A [Doc. No. 1-2].) Phoenix then removed the action to this Court. (Notice of Removal [Doc. No. 1].)

Surety moved for summary judgment on the issues of whether Phoenix has a duty to defend in the Tech School Litigation, and whether Phoenix is obligated to reimburse Surety for the costs it has already incurred in the Tech School Litigation. (Pl.'s Mot. for Summ. J. [Doc. No. 51].) Phoenix filed its opposition and a Cross Motion for Summary Judgment on the same issues. (Def.'s Cross Mot. For Summ. J. [Doc. No. 54].)

### **Standard for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that there is no genuine issue as to any material fact

4

and the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. Judgment is appropriate as a matter of law if there can only be one reasonable verdict under the governing law. Id. at 250.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. at 323-24. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party cannot rely upon mere allegations, general denials, or vague statements to establish a genuine issue of material fact. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

When deciding a motion for summary judgment, courts look to the pleadings, depositions, documents, electronically stored information, affidavits or declarations, stipulations,

5

admissions, and interrogatory answers. Celotex, 477 U.S. at 330; Fed. R. Civ. P. 56(a). However, "a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

## Discussion

Both parties have moved for summary judgment on the issues of: (1) whether Phoenix has a duty to defend Surety in the Tech School Litigation, and (2) whether Surety is entitled to reimbursement for its costs in defending the Tech School Litigation.

### I. Duty to Defend or Reimburse

An insurer's duty to defend is based on its duty to pay, which in turn is dictated by the terms of the insurance policy. Abouzaid v. Mansard Gardens Assocs., 23 A.3d 338, 346 (N.J. 2011); Hartford Accident & Indem. Co. v. Aetna Life & Cas. Ins. Co., 483 A.2d 402, 405 (N.J. 1984). In general, an insurer has a duty to defend its insured against any claims that are "potentially coverable" under the policy. Abouzaid, 23 A.3d at 346. A claim is potentially coverable if the insurer would be obligated to indemnify the insured in the event that the third party prevails against the insured. Id. Thus, the duty to

6

defend is broader than the duty to pay because an insurer may be required to defend against claims for which it ultimately would not have to pay.

In determining whether a claim is potentially coverable, courts compare the complaint with the language of the insurance policy and resolve any doubts or ambiguities in favor of the insured. Id.; see also, Flomerfelt v. Cardiello, 997 A.2d 991, 998 (N.J. 2010). However, courts are not strictly limited to the complaint and may also consider facts that arise in the course of litigation. Abouzaid, 23 A.3d at 347. If the complaint contains multiple causes of action, the insurer has a duty to defend until all potentially covered claims are resolved. Flomerfelt, 997 A.2d at 998.

In Burd v. Sussex Mut. Ins. Co., 267 A.2d 7 (N.J. 1970), the New Jersey Supreme Court recognized two exceptions to the general rule that insurers must defend all potentially coverable claims. The one exception relevant to this case holds that an insurance carrier is not obligated to defend its insured if it intends to dispute coverage based on a question of fact that is not material to the underlying litigation. Burd, 267 A.2d at 9-11. The need for this exception becomes clear in light of the interaction between the following two rules:  first, once a carrier takes up the insured's defense, it cannot deny coverage if that defense fails; second, a carrier cannot defend an

insured so as to "leave him liable and uncovered." Id. at 11 (citing Williams v. Bituminous Cas. Corp., 238 A.2d 177 (N.J. 1968)).

Without the Burd exception, the interaction of these two rules would obligate insurers to pay claims while denying them the opportunity to dispute coverage. For example, in Williams v. Bituminous Cas. Corp., 238 A.2d 177 (N.J. 1968), a plaintiff brought a workers compensation claim against his employer. Although the complaint alleged the injury occurred within the policy period, the insurer claimed it happened one day before the policy took effect. Id. at 178-79. The issue of the injury date could not be litigated since it was irrelevant to the employer's liability. Id. Consequently, if the insurer defended the insured and lost, it would have been obligated to pay the claim without having the opportunity to dispute the date of injury. Id. Furthermore, even if the insurer could have litigated the injury date in the underlying case, it would have been precluded from asserting its interest because, if successful, the insured would be left without coverage. Id.

Therefore, when the insurer intends to dispute coverage based on an issue that is not material to the underlying case, the insured must bear the initial burden of defending itself, but the carrier must reimburse the insured if it is later determined that the claim was actually covered by the policy.

8

Burd, 267 A.2d at 10; see also, Hartford Accident & Indem. Co. v. Aetna Life & Cas. Ins. Co., 483 A.2d 402, 407, n.3 (N.J. 1984). Thus, the duty to defend becomes dependent on the actual facts of the case, not on the allegations of the complaint. Burd, 267 A.2d at 9.

## II. The Policy

Under the Policy, Phoenix must indemnify Surety for any "property damage" caused by an "occurrence" while the policy is in effect. (Pl.'s Statement of Material Facts, Ex. D [Doc. No. 51-7], at 1.) The Policy defines "property damage" in relevant part as "[p]hysical injury to tangible property." (Id. at 15.) It further defines an "occurrence" as an "accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Id. at 14.) Thus, under the plain terms of the Policy Phoenix only has an obligation to pay once an accident causes physical injury to property.

The Policy also contains several exclusions for claims that would otherwise be covered. Of particular relevance to this case are the exclusions for damage to "your product" or "your work." "Your product" is defined in relevant part as "[a]ny goods or products [that are] manufactured, sold, handled, distributed or disposed of by [the insured]." (Id. at 15.) "Your work" is defined in relevant part as "[w]ork or operations performed by you or on your behalf; and . . . [m]aterials, parts

9

or equipment furnished in connection with such work or operations." (Id. at 15-16.)

These terms are standard among CGL policies and the Supreme Court of New Jersey has interpreted them as insuring against "the possibility that the goods, products or work of the insured, once relinquished or completed, will cause . . . damage to property other than to the product or completed work itself." Atlantic Mut. Ins. Co. v. Hillside Bottling Co., Inc., 903 A.2d 513, 519 (N.J. Super. Ct. App. Div. 2006) (quoting Weedo v. Stone-E-Brick, Inc., 405 A.2d 700, 791 (N.J. 1979)). Thus, CGL policies cover damage that follows from defective work, but they do not cover the work or product itself. The Supreme Court of New Jersey made the distinction succinctly when it said: "[a CGL policy does not] cover an accident of faulty workmanship but rather faulty workmanship which causes an accident." Weedo, 405 A.2d at 796.

Thus, Phoenix would ordinarily have a duty to defend Surety against any claims for damage to property, other than Surety's product, which is caused by Surety's work. Under Burd, however, Phoenix would not have to defend Surety if it intends to dispute coverage based on a fact that is immaterial to the underlying case.

**III. Phoenix's Duty to Defend Has Not Been Triggered**

10

Phoenix is not obligated to defend Surety in the Tech School Litigation because it disputes coverage and that dispute depends on a question of fact that is not material to the Tech School Litigation.

In reviewing the Tech School complaint, Phoenix would ordinarily have a duty to defend Surety. The Tech School claimed it suffered consequential damages as a result of Surety performing its work negligently. (Pl.'s Statement of Material Facts Ex. E [Doc. No. 51-8], at 10-12.) The fact that the Court must resolve any doubts in favor of the insured, combined with the allegation of negligence and the fact that consequential damages typically go beyond the subject of the contract itself, are enough to make out a potentially coverable claim. The existence of a potentially coverable claim is further supported by the Tech School's answers to interrogatories which allege that Surety's work on the HVAC system caused excessive humidity which in turn caused $51,041 in damage to desks and ceiling tiles. (Id. at Ex. I [Doc. No. 51-12].)

Nevertheless, Burd compels the conclusion that Phoenix does not have to defend Surety. Phoenix has disputed coverage from the outset. (Id. at Ex. J [Doc. No. 51-13].) In particular, Phoenix disputes whether the Tech School suffered damages beyond the cost of repairing Surety's work. (Def.'s Br. [Doc. No. 54-

11

1] at 19.)  Phoenix also questions whether any damages occurred while the Policy was in effect.  (Id. at 18.)

The issue of whether the Tech School's damages go beyond Surety's work will be resolved by the underlying litigation. The Tech School will have to prove its damages, and it should be clear from that proof whether those damages go beyond the cost of repairing Surety's work.  However, the issue of whether any damages occurred during the policy period will not be sufficiently resolved in the Tech School Litigation.  Here, as in Williams,[3] the exact timing of the damages is immaterial to Surety's liability.  If Phoenix defended Surety and lost, it would be obligated to pay the claim without having the opportunity to dispute coverage.  Furthermore, if Phoenix were able to litigate the date-of-damage issue in the underlying action, it would be prohibited from asserting its interest lest it leave Surety uncovered.

---

[3] In its reply brief, Surety argues that Williams is inapposite because there is no dispute that Surety performed the work while the Policy was in effect.  However, under the plain terms of the policy, a coverable event does not occur until there is "physical injury" to property.  Furthermore, as Phoenix pointed out in its brief, the New Jersey Supreme Court specifically held that, "[w]hen parties dispute the identity of the operative 'occurrence' for purposes of coverage, the actual damage to the party asserting the claim, not the wrongful act that precipitated that damage, triggers the 'occurrence.'"  Memorial Props., LLC v. Zurich American Ins. Co., 46 A.3d 525, 533 (N.J. 2012) (citing Hartford, 483 A.2d 402).

Therefore, Phoenix properly declined to defend Surety because it disputes a factual issue of coverage that will not be properly resolved in the underlying litigation.  Accordingly, judgment will be entered in favor of Phoenix on its claim that it does not have to defend Surety.

**IV.   There Is a Genuine Issue of Material Fact Regarding Phoenix's Duty to Reimburse Surety**

Although Phoenix does not have to defend Surety in the Tech School Litigation, it may be obligated to reimburse Surety if the actual facts of the case show that Phoenix has a duty to indemnify Surety.  <u>Burd</u>, 267 A.2d at 10.  To prevail on summary judgment, Surety must show that, based on the uncontroverted evidence, a reasonable jury could only conclude that the Tech School actually suffered damages covered by the Policy.  <u>Anderson</u>, 477 U.S. at 250.  That is, the Tech School's property, other than the HVAC system, must have been physically damaged between May 16, 2006 and May 16, 2009.

The only evidence of coverable damage is contained in a letter sent by the Tech School's attorney as a supplement to the Tech School's answers to interrogatories.  (Pl.'s Statement of Material Facts Ex. I [Doc. No. 51-12].)  The letter, which is certified by the Tech School's business administrator, states that the "daily onslaught of high humidity [from Surety's HVAC system] caused doors to swell . . . desks to bow and [ceiling]

13

tiles to dislodge.  Some student desks bowed so badly that the distributor Nickerson New Jersey, Inc. installed brackets to support them." (Id.)  The letter further states that the damage started at some point between September 2007 and March 2008, and totaled $51,041. Surety has not provided receipts, images, or any other information supporting the statements in the letter. (Id.)

If proven at trial, the statements in the letter would certainly trigger Phoenix's duty to pay.  However, based on such limited evidence, the Court cannot say that a reasonable jury could only find in favor of Surety.  Moreover, because the letter was certified by the Tech School's business administrator, granting Surety summary judgment based on the letter would require the Court to make an impermissible credibility determination.  The Supreme Court has squarely held that, because credibility determinations and weighing of evidence are the province of the jury, courts "must disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000).  Thus, the Court cannot grant Surety's motion for summary judgment on the issue of reimbursement because it has not provided evidence from which a reasonable jury could only find that the Tech School actually suffered coverable damages.

14

On the other side of the coin, Phoenix claims it is entitled to summary judgment on the issue of reimbursement because Surety's only evidence of coverable damage is contained in the letter, discussed <u>supra</u>, which is not admissible in court.  (<u>Def.'s Br.</u> at 17.)  When there is a "complete failure of proof" as to an essential element of the nonmoving party's case, the movant is entitled to summary judgment.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  However, it is well settled that, in order to withstand a motion for summary judgment, the nonmoving party does not have to produce evidence in a form that would be admissible at trial (so long as it is reasonable to conclude it will take on an admissible form at trial).  <u>Id.</u> at 324.  All the nonmoving party must do is "go beyond the pleadings and . . . designate specific facts showing that there is a genuine issue for trial."  <u>Id.</u> (internal quotation marks omitted).  Surety has satisfied its burden here because it has gone beyond the pleadings and provided a statement, certified by the Tech School's business administrator, which tends to show that the Tech School suffered coverable damages.

Thus, the letter is enough to withstand Phoenix's motion for summary judgment, but it is not enough to establish Surety's right to summary judgment.  Accordingly, both parties' motions on the issue of reimbursement for the Tech School Litigation

15

must be denied because there is a genuine issue of material fact.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment shall be granted in part and denied in part, and Plaintiff's Motion for Summary Judgment shall be denied.

    _s/ Noel L. Hillman_____
    NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey